# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| MAHENDRAKUMAR BECHARJI THAKOR, <br><br> Petitioner-Plaintiff, <br><br> v. <br><br> **Warden, North Lake Correctional Facility;** <br> **Kevin Raycraft, Field Office Director, ICE – Detroit;** <br> **Kristi Noem, Secretary, U.S. Department of Homeland Security,** <br> Respondents-Defendants | Case No. 1:26-cv-201 |

## PETITION FOR WRIT OF HABEAS CORPUS AND COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

28 U.S.C. §§ 2241, 1331; 5 U.S.C. §§ 701–706; 28 U.S.C. §§ 2201–2202

### I. INTRODUCTION

1. This action challenges the unlawful civil detention of Mahendrakumar Becharji Thakor, whose continued custody rests on a legal error made at his December 16, 2025 bond hearing.

2. On October 27, 2025, the Department of Homeland Security ("DHS") initiated removal proceedings under INA §240, charging Petitioner as "an alien present in the United States who has not been admitted or paroled."

3. That classification places Petitioner within the custody framework of INA §236(a), which requires individualized custody determinations and permits release on bond or conditions.

4. On December 16, 2025, the Immigration Judge denied Petitioner's request for bond solely because the Court concluded that Petitioner is an "applicant for admission" subject to mandatory detention under INA §235(b)(2)(A).

5. Because DHS classified Petitioner as a §236(a) respondent, the Immigration Judge's application of §235(b) was erroneous, rendering Petitioner's continued detention unlawful and unconstitutional.

## II. PARTIES

6. Petitioner Mahendrakumar Becharji Thakor is detained at North Lake Correctional Facility, Baldwin, Michigan.

7. Respondent Warden is Petitioner's immediate custodian.

8. Respondent ICE Field Office Director controls custody decisions in Michigan.

9. Respondent Secretary of Homeland Security is responsible for immigration detention policy.

## III. JURISDICTION AND VENUE

10. This Court has jurisdiction under 28 U.S.C. §2241, 28 U.S.C. §1331, 5 U.S.C. §§701–706, and 28 U.S.C. §§2201–2202.

11. Venue lies in this District because Mr. Thakor is detained at North Lake Correctional Facility in Baldwin, Michigan.

## IV. FACTUAL BACKGROUND

12. On October 27, 2025, DHS arrested Mr. Thakor and issued a Notice to Appear (Form I-862) initiating removal proceedings under INA §240. Copy of the same is attached herewith as **EXHIBIT-1.**

13. DHS checked only the box stating:

    "You are an alien present in the United States who has not been admitted or paroled."

    The "arriving alien" box was not checked.

14. DHS charged Mr. Thakor under:

    INA §212(a)(6)(A)(i) (present without admission), and

    INA §212(a)(7)(A)(i)(I) (no valid entry documents).

15. These charges apply to interior noncitizens, not border arrivals.

16. Mr. Thakor requested bond under INA §236(a).

17. On December 16, 2025, Immigration Judge Rainey denied and refused to consider bond, holding that Mr. Thakor is subject to mandatory detention under INA §235(b)(2)(A). Copy of the same is attached herewith as **EXHIBIT-2.**

18. Mr. Thakor remains detained with no custody forum.

## V. STATUTORY FRAMEWORK

19. Congress created two separate detention regimes:

| Category | Statute | Applies to | Bond |
|---|---|---|---|
| Arriving aliens at the border | INA §235(b) | Applicants for admission | No |

| Category | Statute | Applies to | Bond |
|---|---|---|---|
| Interior respondents in §240 proceedings | INA §236(a) | Present in U.S. | Yes |

20. DHS's own NTA places Mr. Thakor in the §236(a) category.

## VI. COUNTS

### COUNT I

**UNLAWFUL DETENTION WITHOUT STATUTORY AUTHORITY**

21. The authority to detain noncitizens is strictly defined by statute. Congress created two different detention regimes:

    (a) INA § 235(b) for individuals encountered at the border or at the threshold of entry, and

    (b) INA § 236(a) for individuals who are already present in the United States and placed into removal proceedings.

22. DHS charged Petitioner under INA §§ 212(a)(6)(A) and 212(a)(7)(A) — charges that apply only to persons present in the United States without being admitted or paroled, not to arriving aliens.

23. Petitioner was not stopped at the border, not detained at a port of entry, and not subjected to expedited removal. He was taken into custody inside the United States, after having already entered and resided here.

24. Nonetheless, DHS retroactively re-classified Petitioner as an "applicant for admission" solely to invoke INA § 235(b) and avoid the bond framework of INA § 236(a).

25. This maneuver is unlawful. An agency may not change a person's legal status to evade statutory limits on detention. Where DHS detains a noncitizen under a statute that does

not apply to him, the detention is ultra vires and void. INS v. St. Cyr, 533 U.S. 289, 305 (2001).

26. Because Petitioner is not lawfully subject to § 235(b), DHS has no statutory authority to deny him a custody hearing and no authority to continue holding him without one. Bond hearing was however conducted on December 16, 2025, but the same was not entertained by the Hon'ble Immigration Judge mentioning that the court lacks authority to hear the request for bond as the Respondent is an applicant for admission and is subject to mandatory detention under section 235(b)(2)(A) of the Act, 8 U.S.C. § 1225(b)(2)(A), and the regulation at 8 C.F.R. § 235.3(b)(1)(ii).

## COUNT II

**VIOLATION OF MALDONADO-BAUTISTA v. SANTACRUZ**

27. In Maldonado-Bautista v. Santacruz, the federal district court held that noncitizens detained under INA §236(a) are entitled to individualized custody determinations, including consideration of release on bond or conditions.

28. Petitioner is detained under INA §236(a) because DHS classified him as "an alien present in the United States who has not been admitted or paroled."

29. At the December 16, 2025 bond hearing, the Immigration Judge denied Petitioner's request for bond solely because the Court applied INA §235(b) instead of §236(a).

30. That denial violated the class-wide injunction and declaratory relief issued in Maldonado-Bautista.

31. Petitioner's continued detention in violation of that federal court order is unlawful..

## COUNT III

**PROCEDURAL DUE PROCESS - TOTAL DENIAL OF A CUSTODY FORUM**

32. The Fifth Amendment guarantees that no person shall be deprived of liberty without due process of law. Civil detention requires, at minimum, access to a neutral decision-maker and a meaningful opportunity to contest custody. Zadvydas v. Davis, 533 U.S. 678, 690 (2001).

33. Here, the Immigration Judge expressly disclaimed jurisdiction over Petitioner's custody, ruling that the court "lacks authority" to consider bond.

34. ICE provides no alternative hearing. As a result, Petitioner is imprisoned entirely at the discretion of the executive branch, with no judicial or quasi-judicial review.

35. That regime is unconstitutional. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that the Due Process Clause protects." Zadvydas, 533 U.S. at 690.

36. A detention system in which no court has authority to review custody is the definition of arbitrary detention and violates procedural due process.

## COUNT IV

**SUBSTANTIVE DUE PROCESS - PUNITIVE AND ARBITRARY CIVIL DETENTION**

37. Even where detention is authorized by statute, it must bear a reasonable relationship to its civil purposes: preventing flight and protecting the public. Zadvydas, 533 U.S. at 690-91.

38. Petitioner has no criminal history, no charge of dangerousness, and no allegation that he is a flight risk. He has a fixed sponsor, a pending U-Visa, and every incentive to appear.

39. When detention is not reasonably related to these goals, it becomes punitive. Civil detention that is excessive in relation to its purpose violates substantive due process. Bell v. Wolfish, 441 U.S. 520, 535 (1979).

40. Because Petitioner's continued incarceration serves no legitimate civil purpose, it is unconstitutional.

## COUNT V

## ADMINISTRATIVE PROCEDURE ACT - ARBITRARY AND CAPRICIOUS DETENTION

41. DHS's custody determination is final agency action because the Immigration Court has disclaimed authority to review it.

42. Under the APA, this Court must set aside agency action that is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. 5 U.S.C. § 706(2)(A).

43. DHS's decision to classify Petitioner under § 235(b), despite charging him as present in the United States and placing him in standard removal proceedings, is legally irrational and designed solely to avoid custody review.

44. Such manipulation of statutory categories is arbitrary, unlawful, and void.

## COUNT VI

## DETENTION WITHOUT JUDICIAL REVIEW VIOLATES THE SEPARATION OF POWERS

45. The Constitution does not permit the Executive to imprison a person without any judicial oversight.

46. By invoking § 235(b) to strip both the Immigration Court and the federal courts of custody jurisdiction, DHS has attempted to create a regime of unchecked executive detention, which is incompatible with Article III and the Due Process Clause.

47. Habeas corpus exists precisely to prevent this form of detention.

## COUNT VII

**DUE PROCESS — RIGHT TO PURSUE A PENDING U-VISA**

48. Congress created the U-Visa to protect victims of serious crimes and to encourage cooperation with law enforcement. See 8 U.S.C. § 1101(a)(15)(U).

49. Individuals who have filed U-Visa petitions possess a protected liberty interest in remaining in the United States while USCIS adjudicates their claims. Deportation or prolonged detention that undermines this process violates due process.

50. Petitioner's continued detention interferes with his ability to obtain medical documentation, psychological evaluations, and law-enforcement certifications needed to support his U-Visa.

51. Removal or prolonged detention before USCIS adjudicates Petitioner's U-Visa would irreparably destroy his statutory right to humanitarian relief.

52. The Due Process Clause prohibits the government from extinguishing a pending statutory right through detention. *INS v. St. Cyr*, 533 U.S. 289 (2001).

## COUNT VIII

## SUBSTANTIVE & PROCEDURAL DUE PROCESS — MEDICAL AND MENTAL HEALTH HARM

53. Civil detainees may not be punished and are entitled to adequate medical and mental-health care. *Bell v. Wolfish*, 441 U.S. 520 (1979); *Charles v. Orange County*, 925 F.3d 73 (2d Cir. 2019).

54. When the government takes a person into custody and thereby renders him unable to care for himself, it assumes a constitutional obligation to protect his health and safety. *Helling v. McKinney*, 509 U.S. 25 (1993).

55. Petitioner's PTSD is a serious mental health condition. Continued incarceration aggravates his trauma and inflicts foreseeable and preventable harm.

56. ICE is aware of Petitioner's diagnosis and vulnerability but continues to confine him in conditions that retraumatize him.

57. Detention that worsens a known medical condition and serves no legitimate civil purpose is punitive and violates substantive due process.

58. ICE's refusal to consider Petitioner's medical vulnerability as a basis for release also violates procedural due process, because it deprives him of a meaningful opportunity to be heard on a life-altering deprivation of liberty.

## VII. RELIEF

**Petitioner respectfully requests:**

A. A declaration that DHS lacks authority to detain him under INA §235(b);

B. A declaration that he is detained under INA §236(a);

C. A declaration that Maldonado-Bautista applies;

D. An order directing his immediate release;

E. All other just relief.

                                              Respectfully submitted,

                                              **MAZHER M. SHAH-KHAN**
                                              Attorney for the Plaintiffs

By: <u>s/ Mazher M. Shah-Khan</u>
      MAZHER M. SHAH-KHAN
      Attorney for the Plaintiffs
      Law Offices Of Mazher M. Shah-Khan
      P.O. Box No. 597315
      Chicago, IL 60659
      (773) 583 6300
      mazhersk@msn.com